Bhuiyan v. Barr

BIA
Vomacka, IJ
A205 643 430

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty.

PRESENT:
RICHARD C. WESLEY,
PETER W. HALL,
DENNY CHIN,
    *Circuit Judges.*

_____

MONIR AHAMMED BHUIYAN, AKA MONIR HOSSAIN,
    *Petitioner,*

v.                                          17-4115
                                            NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:        Visuvanathan Rudrakumaran, New York, NY.

FOR RESPONDENT:        Joseph H. Hunt, Assistant Attorney General; Justin Markel, Senior Litigation Counsel; Margaret O'Donnell, Trial Attorney, Office of Immigration

Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Monir Ahammed Bhuiyan, a native and citizen of Bangladesh, seeks review of a December 1, 2017, decision of the BIA affirming a February 27, 2017, decision of an Immigration Judge ("IJ") denying Bhuiyan's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Monir Ahammed Bhuiyan,* No. A 205 643 430 (B.I.A. Dec. 1, 2017), *aff'g* No. A 205 643 430 (Immig. Ct. N.Y. City Feb. 27, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In his brief, Bhuiyan argues for the first time that the agency failed to make an explicit adverse credibility determination. In addition to being unexhausted, this argument finds no support in the record. The IJ stated that Bhuiyan was not credible and made specific findings, Bhuiyan

2

challenged the adverse credibility determination on appeal to the BIA, and the BIA agreed with the IJ's adverse credibility determination. Accordingly, we have reviewed both the BIA's and IJ's decisions as to the adverse credibility determination. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review the adverse credibility determination under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*

3

*v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Bhuiyan was not credible as to his claim that he was persecuted by the Awami League and the police on account of his membership in Jubo Dal, the youth branch of the Bangladesh Nationalist Party ("BNP").

The agency reasonably relied on Bhuiyan's inconsistent statements about the number of times he was attacked by Awami League members and whether he was attacked by the police. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). At his credible fear interview, Bhuiyan stated that he was attacked by Awami League members once in 2009, he explicitly denied prior or subsequent attacks, and he stated that he had never been mistreated by police. In contrast, he testified that he was attacked by Awami League members three times and that he was arrested, detained, and severely beaten by the police in 2010. The agency was not required to credit Bhuiyan's explanation that he was disoriented and nervous during his interview. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for . . . inconsistent statements to secure relief; he must

4

demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted)); *Yun-Zui Guan,* 432 F.3d at 397 n.6 (applicant's "mere recitation that he was nervous or felt pressured during an airport interview will not automatically prevent" the agency from relying on statements made during the interview). Despite an error in the agency's reliance on a third inconsistency regarding whether Bhuiyan's attackers pressured him to switch parties, these major inconsistencies regarding the bases of his claim provide substantial evidence to support the adverse credibility determination. *See Xian Tuan Ye v. Dep't of Homeland Sec.,* 446 F.3d 289, 295 (2d Cir. 2006) (holding that a material inconsistency regarding the basis of an applicant's asylum claim is substantial evidence of adverse credibility); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338–39 (2d Cir. 2006) (denying petition despite errors in adverse credibility determination because there was substantial evidence for the determination absent the errors).

Moreover, the adverse credibility determination is bolstered by the agency's implausibility findings. *See*

8 U.S.C. § 1158(b)(1)(B)(iii); *Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007) ("It is well settled that, in assessing the credibility of an asylum applicant's testimony, an IJ is entitled to consider whether the applicant's story is inherently implausible."). And the IJ's findings are sufficiently tethered to the record. *See Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir. 2007) (An implausibility finding that is based on "speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience."). The IJ reasonably found implausible Bhuiyan's testimony that he was unaware of the BNP's involvement in violence, because he later admitted that he had heard about violence and war crimes committed by BNP members and his memorandum of law in support of his application acknowledged violence between the BNP and Awami League. Additionally, the IJ reasonably found it implausible that Bhuiyan would go to the police and turn over threatening letters without making copies of them as he testified that the police had destroyed a previous letter, refused to investigate, and detained and beat him. Finally,

as the agency found, Bhuiyan could not explain why local higher-level BNP and Jubo Dal party members were able to continue in their roles without interference while he had allegedly been repeatedly targeted by the Awami League.

Finally, the agency did not err in finding that Bhuiyan's documentary evidence failed to rehabilitate his credibility. "We generally defer to the agency's evaluation of the weight to be afforded to an applicant's documentary evidence." *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013). The IJ reasonably afforded diminished weight to the letters and affidavits from family, doctors, and fellow party members because the authors were interested parties and/or not subject to cross-examination, and some of the documents lacked detail about the alleged persecution. *See id.* at 334 (deferring to agency's decision to afford little weight to relative's letter from China because it was unsworn and from an interested witness); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that letters from alien's friends and family were insufficient to provide substantial support for alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on*

*other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012).

Given Bhuiyan's inconsistent statements and the implausible aspects of his testimony, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```